IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TYLER NICHOLAS BUCKNER, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:24-cv-627 |
| v. | ) |
| | ) **COMPLAINT** |
| JOHN TYLER WICKER, | ) (Jury Trial Demanded) |
| | ) |
| Defendant. | ) |

Plaintiff Tyler Nicholas Buckner ("**Buckner**"), complaining of Defendant John Tyler Wicker ("**Wicker**"), alleges and states as follows:

## INTRODUCTION

1. Buckner brings this action against Wicker for breach of contract, for an equitable accounting, and for a declaratory judgment due to Wicker's failure to pay Buckner 36.36% of the profits distributed to JTCLT, LLC ("**JT CLT**") as agreed upon in a written contract.

## PARTIES

2. Tyler Nicholas Buckner is a natural person who resides in Charlotte, North Carolina.

3. John Tyler Wicker is a natural person who, upon information and belief, is a citizen of the State of South Carolina.

## JURISDICTION & VENUE

4. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1).

1

5. Complete diversity of citizenship exists between Buckner and Wicker, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, contractual obligations, and rights at issue in this lawsuit, as more fully described herein, were performed or to be performed in Mecklenburg County, North Carolina.

## FACTS COMMON TO ALL COUNTS

7. Upon information and belief, Wicker, through JT CLT and Encore Sporting Club LLC ("**Encore Sporting Club**"), is a partial owner of the Encore Nightclub and XOXO Lounge located at 314 North College Street, Charlotte, North Carolina, 28202 (the "**Encore Nightclub**").

8. On or about March 2, 2022, Wicker entered into a written contract (the "Profit Sharing Agreement") with Buckner.[1]

9. Pursuant to the terms of the March 2, 2022 Profit Sharing Agreement, Wicker agreed to pay Buckner 36.36% of the profits distributed to JT CLT in exchange for the sum of $60,000 and Buckner's guaranty of 10% of Encore Nightclub's monthly lease payments owed under the January 4, 2022 lease agreement between M. Watson Enterprises, LLC and 300 N. College Station LLC.

10. A true and accurate copy of the March 2, 2022 Profit Sharing Agreement is attached as Exhibit "**A**" hereto and is incorporated by reference herein.

---

[1] The Profit Sharing Agreement lists the date of February 23, 2022, and it is described in the Termination of Profit Share Agreement as the "Profit Share Agreement dated February 23, 2022." However, it was signed on March 2, 2022 and will be referred to as such for purposes of this Complaint.

11. Upon information and belief, Wicker never paid Buckner 36.36% of JT CLT's profits as required by the March 2, 2022 Profit Sharing Agreement.

12. On March 22, 2024, Wicker entered into a subsequent written contract (the "Termination of Profit Share Agreement") with Buckner.

13. Pursuant to the terms of the Termination of Profit Share Agreement, Wicker agreed to pay Buckner the sum of $300,000, along with 5% of all "Door Money" (including General Admission Fees, Charges for Extra Personnel at VIP Tables, Line Skip Fees, Dress Code Violation Fees, and other fees) collected monthly by Encore Sporting Club from April 1, 2024 through October 1, 2024, and a 25% late fee for any payments not made within ten days of the end of each month.

14. In exchange, Buckner agreed to sign the Termination of Profit Share Agreement, effectively terminating the March 2, 2022 Profit Sharing Agreement.

15. A true and accurate copy of the Termination of Profit Share Agreement is attached as Exhibit "**B**" hereto and is incorporated by reference herein.

16. Buckner performed his obligations under the Termination of Profit Share Agreement.

17. Wicker failed to pay Buckner 5% of the "Door Money" for April and May 2024. He thus failed to perform his obligations under the Termination of Profit Share Agreement.

18. The Termination of Profit Share Agreement includes a "Breach of Agreement" provision stating that, in the case of breach, "the entire Agreement shall become void, and the $300,000 payment made by Wicker to Buckner shall be deemed nonrefundable."

19. Buckner thus brings this action for breach of the March 2, 2022 Profit Sharing Agreement and seeks all amounts owed to him under the Profit Sharing Agreement.

## COUNT I
### (BREACH OF CONTRACT – PROFIT SHARING AGREEMENT)

20. Buckner re-alleges and incorporates by reference Paragraphs 1 through 19 above as if they are fully set forth herein.

21. Under the "Additional Compensation" provision of the Termination of Profit Share Agreement, Wicker agreed to pay Buckner 5% of all "Door Money" collected monthly by Encore Sporting Club from April 1, 2024 through October 1, 2024, along with a 25% late fee for any payment not made within 10 days of the end of the month.

22. Despite Buckner's execution of the Termination of Profit Share Agreement, Wicker has not paid Buckner any Additional Compensation in the form of 5% of all "Door Money" collected by Encore Sporting Club from April 1, 2024 through the submission of this Complaint, nor has Wicker paid Buckner any late fees.

23. Under the express terms of the Termination of Profit Share Agreement, Wicker's failure to comply with his obligations under the Termination of Profit Share Agreement rendered that agreement void and resulted in the reinstatement of the March 2, 2022 Profit Sharing Agreement.

24. Wicker has not paid to Buckner 36.36% of JT CLT's profits for June 2024, nor has he paid past amounts owed under the March 2, 2022 Profit Sharing Agreement.

25. As a direct and proximate result of Wicker's breach of the March 2, 2022 Profit Sharing Agreement, Buckner has incurred damages of at least $75,000, exclusive of interest and costs, in an exact amount to be proven at trial.

26. Buckner is entitled to a judgment declaring that he have and recover from Wicker an amount of at least $75,000, exclusive of interest and costs, but in an exact amount to be proven at trial, for damages incurred as a result of Wicker's breach of contract.

## COUNT II
### (DECLARATORY JUDGMENT)

27. Buckner re-alleges and incorporates by reference Paragraphs 1 through 26 above as if they are fully set forth herein.

28. Under the "Additional Compensation" provision of the Termination of Profit Share Agreement, Wicker agreed to pay Buckner 5% of all "Door Money" collected monthly by Encore Sporting Club from April 1, 2024 through October 1, 2024, along with a 25% late fee for any payment not made within 10 days of the end of the month.

29. Despite Buckner's execution of the Termination of Profit Share Agreement, Wicker has not paid Buckner any Additional Compensation in the form of 5% of all "Door Money" collected by Encore Sporting Club from April 1, 2024 through the submission of this Complaint, nor has Wicker paid Buckner any late fees.

30. Under the express terms of the Termination of Profit Share Agreement, Wicker's failure to comply with his obligations under the Termination of Profit Share Agreement rendered that agreement void and resulted in the reinstatement of the March 2, 2022 Profit Sharing Agreement.

31. An actual and justiciable controversy exists between Buckner and Wicker as to whether the March 2, 2022 Profit Sharing Agreement remains enforceable.

32. This Court has jurisdiction over this dispute.

33. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Buckner is entitled to a declaration by the Court that the March 2, 2022 Profit Sharing Agreement is binding and enforceable.

## COUNT III
### (Equitable Accounting)

34. Buckner re-alleges and incorporates by reference Paragraphs 1 through 33 above as if they are fully set forth herein.

35. By virtue of the aforementioned conduct, Wicker has used resources belonging to Buckner in a manner that has caused Buckner to incur damages.

36. The balance due from Wicker to Buckner resulting from Wicker's breach of his duties and obligations can only be ascertained by an accounting.

37. Wicker has not provided a full accounting.

**WHEREFORE,** Tyler Nicholas Buckner respectfully prays to the Court for the following relief:

1. That Buckner have and recover damages from Wicker for breach of the March 2, 2022 Profit Sharing Agreement for at least $75,000, with the exact amount to be proven at trial;

2. That the Court enter a judgment declaring the March 2, 2022 Profit Sharing Agreement to be valid and enforceable;

3. That Buckner be awarded accrued interest, the costs of collection, additional costs and reasonable attorneys' fees to the extent allowed by law;

4. That all triable issues of fact be heard before a jury; and

5. That the Court award such other and further relief as it may deem just and proper.

*[Signature Follows]*

This the 3rd day of July, 2024.

Respectfully submitted,

*/s/ Dana C. Lumsden*
Dana C. Lumsden, Esq. [NC Bar No. 32497]
Anna E. Hamel, Esq. [NC Bar No. 60906]
**BRADLEY ARANT BOULT CUMMINGS LLP**
Truist Center, 214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
dlumsden@bradley.com
ahamel@bradley.com

ATTORNEYS for the PLAINTIFF
TYLER NICHOLAS BUCKNER